Opinion filed March 29, 2007 
















 
 
  
 
 







 
 
  
 
 




Opinion filed March 29, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00014-CR 

                                                    __________

 

                                           NICK
AVILA, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                         Midland
 County, Texas

 

                                                 Trial
Court Cause No. CR31009

 



 

                                                                   O
P I N I O N

The jury
convicted Nick Avila of robbery and assessed his punishment at confinement for
five years.  We affirm.








It is
undisputed that appellant entered the EZ Mart Convenience Store with the intent
to steal beer, which would be an offense of theft as defined by Tex. Pen. Code Ann. ' 31.03 (Vernon Supp. 2006).  What is disputed is whether the evidence
established that appellant knowingly, intentionally, or recklessly caused
bodily injury to James Barton in the course of committing the theft so as to
constitute the offense of robbery as defined by Tex. Pen. Code Ann. ' 29.02 (Vernon 2003).            In his two issues on appeal,
appellant challenges the legal and factual sufficiency of the evidence to
support the conviction.  Specifically,
appellant contends that the video of the incident shows that he did not intend
to cause bodily injury to Barton but was merely trying to avoid Barton on his
way out of the store with the beer. 

Barton
testified that he was the manager of the store when appellant entered the store,
walked back to the beer vault, jerked on the door to the vault until the lock
broke, picked up two 30-packs of beer, and headed straight for the front door
of the store.  Barton stated that he
positioned himself at the front door and was going to try to knock the beer out
of appellant=s hands. 
Appellant Ablocked@
and pushed Barton with his shoulders. 
Barton testified that his neck and shoulder were hurt in the
confrontation.

The EZ
Mart security video was introduced into evidence and played for the jury.  Barton identified appellant on the video and
explained for the jury what the video was depicting.  Appellant did not present any evidence at
trial.

The
video shows that appellant entered the store, walked to the beer vault, and
pulled on the vault door until it opened. 
Appellant then removed two large boxes and walked to the front door of
the store.  The video reflects that, as
appellant tried to leave the store with the boxes, Barton stood in front of
appellant.  As appellant moved to avoid
Barton, Barton moved to prevent him from leaving.  Appellant=s
body contacted Barton=s body several times as appellant tried to
elude Barton.  One box of beer was either
knocked or placed on the floor.  The
other box broke open during the contact between appellant and Barton, and the
cans rolled out onto the floor.








In order to determine if the evidence is legally
sufficient, the appellate court reviews all of the evidence in the light most
favorable to the verdict and determines whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979); Jackson v. State, 17 S.W.3d 664, 667 (Tex. Crim. App.
2000).  To determine if the evidence is
factually sufficient, the appellate court reviews all of the evidence in a
neutral light.  Watson v. State,
204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App.
2000); Cain v. State, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Then, the reviewing court determines whether
the evidence supporting the verdict is so weak that the verdict is clearly
wrong and manifestly unjust or whether the verdict is against the great weight
and preponderance of the conflicting evidence. 
Watson, 204 S.W.3d at 414-15; Johnson, 23 S.W.3d at
10-11.  

We review the fact-finder=s
weighing of the evidence and cannot substitute our judgment for that of the
fact-finder.  Cain, 958 S.W.2d at
407; Clewis, 922 S.W.2d at 133. 
Due deference must be given to the fact-finder=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d at
8-9; Jones v. State, 944 S.W.2d 642 (Tex. Crim. App. 1996).  The jury, as the finder of fact, is the sole
judge of the weight and credibility of the witnesses=
testimony.  Tex. Code Crim. Proc.
Ann. art. 36.13 (Vernon 2007),
art. 38.04 (Vernon
1979).  This court has the authority to
disagree with the fact-finder=s
determination Aonly when
the record clearly indicates such a step is necessary to arrest the occurrence
of a manifest injustice.@  Johnson, 23 S.W.3d at 9.

When the record is reviewed in the light most
favorable to the verdict, the evidence is sufficient to support the jury=s determination that appellant
committed the offense of robbery.  The
jury, as a reasonable fact-finder, could have concluded that all of the
elements of robbery had been established. 
Likewise, when the entire record is reviewed in a neutral light, the
evidence is factually sufficient to support the verdict:  the evidence supporting the verdict is not so
weak that the verdict is clearly wrong and manifestly unjust, and the verdict
is not against the great weight and preponderance of the conflicting
evidence.  The two issues are overruled.

The judgment of the trial court is affirmed.

 

RICK STRANGE

JUSTICE

March 29, 2007

Do not publish.  See Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.